UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
JOYCE PETERS,

                     Plaintiff(s),                                <u>MEMORANDUM</u>
                                                                <u>OPINION AND ORDER</u>

     -against-                                                         CV 07-2553 (DRH)(ETB)

MOLLOY COLLEGE OF ROCKVILLE CENTRE,
SUSAN VITALE (in her official and individual
capacities), DOLORES PARRY (in her official and
individual capacities), JEANNINE MULDOON (in
her official and individual capacities), and RICHARD
SCHURE (in his official and individual capacities),

                     Defendant(s).
----------------------------------------------------------------X

       Before the court is the defendants' motion to strike (1) portions of plaintiff's declaration and Rule 56.1 Statement submitted in opposition to defendants' motion for summary judgment, and (2) portions of the declarations of non-party witnesses Andrea Morgan-Eason and Adrianne Bothwell, on the grounds that they are not based on personal knowledge and/or contain hearsay. Defendants also seek to preclude plaintiff from submitting into evidence a signed copy of a letter dated April 26, 2006, written by plaintiff to Molloy College President Dr. Drew Bogner, on the grounds that plaintiff failed to disclose the letter during discovery. Opposing defendants' motion, plaintiff also seeks sanctions against defendants' counsel, pursuant to Federal Rules of Civil Procedure 11 and 37. For the following reasons, both defendants' and plaintiff's motions are denied.

## FACTS

Plaintiff, Joyce Peters, enrolled in Molloy College's graduate nursing program in 2004, seeking to obtain her Master's Degree in Nursing. (Compl. ¶¶ 13.) During the fall semester of 2006, while enrolled in Nursing 555, taught by defendant Susan Vitale ("Vitale"), plaintiff was required to submit a research proposal as her final project. (Compl. ¶ 16-17.) Plaintiff received a failing grade for her final project, which resulted in her being denied graduation and ultimately her Master's Degree. (Compl. ¶¶ 18, 41.)

Plaintiff commenced the within action on June 25, 2007, alleging the following: (1) race discrimination, in violation of Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d, and 42 U.S.C. § 1981; (2) breach of contract; (3) defamation; (4) selective enforcement in violation of Section 296 of the New York Human Rights Law; and (5) conspiracy, pursuant to 42 U.S.C. §§ 1985 and 1986. Following a motion to dismiss by defendants, plaintiff's claims pursuant to 42 U.S.C. §§ 1985 and 1986 were dismissed in their entirety. (Mem. & Order of Hurley, J., dated July 8, 2008, at 18-20.) Plaintiff's Title VI, Section 1981 and breach of contract claims were also dismissed against the individual defendants in their individual capacities. (Id. at 13-15.)

On December 2, 2009, defendants filed a motion for summary judgment. Plaintiff filed her opposition to the motion on December 3, 2009. By letter dated December 4, 2009, defendants sought leave to file the within motion to strike, which was referred to the undersigned by Judge Hurley by Order dated December 11, 2009. The parties subsequently filed formal motion papers.

DISCUSSION

I.    Legal Standard

"Whether to grant or deny a motion to strike is vested in the trial court's sound discretion." Pharmacy, Inc. v. Am. Pharm. Partners, Inc., No. 05-776, 2007 WL 2728898, at *1 (E.D.N.Y. Sept. 14, 2007) (citing Hollander v. Am. Cyanamid Co., 172 F.3d 192, 198 (2d Cir. 1999)) (additional citation omitted). When resolving motions to strike, courts use "a scalpel, not a butcher knife." Pharmacy, Inc., 2007 WL 2728898, at *1 (quoting Perez v. Volvo Car Corp., 247 F.3d 303, 315 (1st Cir. 2001)). Put another way, "the court will strike only those portions that are improper." Pharmacy, Inc., 2007 WL 2728898, at *1. When seeking to strike, the moving party "bears a heavy burden, as courts generally disfavor motions to strike." Id. (citing Morse v. Weingarten, 777 F. Supp. 312, 319 (S.D.N.Y. 1991)) (additional citation omitted).

II.   Plaintiff's Declaration

Rule 56(e) of the Federal Rules of Civil Procedure provides that, in the context of a summary judgment motion, "[a] supporting or opposing affidavit must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on the matters stated." Fed. R. Civ. P. 56(e). Accordingly, "[a] court may . . . strike portions of an affidavit that are not based upon the affiant's personal knowledge, contain inadmissible hearsay or make generalized and conclusory statements." Hollander, 172 F.3d at 198 (citation omitted); Century Pacific, Inc. v. Hilton Hotels Corp., 528 F. Supp. 2d 206, 214 (S.D.N.Y. 2007) (citations omitted). "Alternatively, a court may, in considering a motion for summary judgment, simply decline to consider those aspects of a supporting affidavit that do not

appear to be based on personal knowledge or are otherwise inadmissible." Flaherty v. Filardi, No. 03 Civ. 2167, 2007 WL 163112, at *4 (S.D.N.Y. Jan. 24, 2007) (quoting Doe v. Nat'l Bd. of Podiatric Med. Examiners, No. 03 Civ. 4034, 2004 WL 912599, at *4 (S.D.N.Y. Apr. 29, 2004)) (additional citations omitted).

"The test for admissibility is whether a reasonable trier of fact could believe the witness had personal knowledge." Flaherty, 2007 WL 163112, at *5 (quoting Searless v. First Fortis Life Ins. Co., 98 F. Supp. 2d 456, 461 (S.D.N.Y. 2000)). "The lack of certain specific details or arguably vague statements will not render the affidavit inadmissible, but affect the weight and credibility of the testimony, which have to be determined by the trier of fact at trial." Flaherty, 2007 WL 163112, at *5 (quoting Zakre v. Norddeutsche Landesbank Girozentrale, 396 F. Supp. 2d 483, 504 (S.D.N.Y. 2005)).

Defendants herein assert that substantial portions of plaintiff's declaration must be struck because either plaintiff lacks personal knowledge of what she is averring, the averments constitute inadmissible hearsay or they contradict plaintiff's prior deposition testimony. Specifically, defendants assert that the following paragraphs of plaintiff's declaration are not based on personal knowledge and should therefore be struck: 20, 28, part of 39, part of 41, 49-52, 56-57, 59-62, 65, 77-81, 87-92, 95-96, and 98-102. Defendants further assert that the following paragraphs should be struck as inadmissible hearsay: 16-17, 20, 27-28, part of 41, 89, 94-96, 98-101, and 103. Finally, defendants assert that paragraphs 18, 19, 45, and 110 contradict plaintiff's prior deposition testimony and must be struck because the averments are nothing more than a sham, designed to create triable issues of fact.

A.  Personal Knowledge

"One's belief alone is not enough upon which to make a declaration, nor is knowledge alone sufficient; the Federal Rules require personal knowledge." Mugno v. Societe Internationale de Telecommunications Aeronautiques, Ltd., No. 05-cv-2037, 2007 WL 316573, at *9 (E.D.N.Y. Jan. 30, 2007) (citing Fed. R. Civ. P. 56(e)) (additional citations omitted). However, where an affiant may lack personal knowledge of the facts set forth in her declaration, if the averments are based on "clearly referenced . . . documents and deposition transcripts" that are "clearly identifiable" and have been produced during discovery, the court may find the declaration admissible. See e.g., Pharmacy, Inc., 2007 WL 2728898, at *1 (denying motion to strike portions of affidavit not based on personal knowledge of affiant but which "recit[e] from clearly referenced and attached documents and deposition transcripts" that were "clearly identifiable" and produced during discovery).

The Court has reviewed the disputed portions of plaintiff's declaration and finds that the averments either recount particular incidents that plaintiff was a party to or witnessed herself, and therefore clearly has personal knowledge of, or expressly reference deposition testimony and documents produced during the course of discovery herein. "An affidavit sworn to by a party opposing summary judgment and containing statements based on personal knowledge deserves to be generously construed." FDIC v. Arcadia Marine, Inc., 642 F. Supp. 1157, 1160 (S.D.N.Y. 1986) (citing Jensen v. United States, 662 F.2d 664, 667 (10th Cir. 1981)). However, the district court is free to disregard any characterizations of the documentary and deposition evidence referenced in plaintiff's declaration and draw its own conclusions from the documents and deposition transcripts submitted in connection with the summary judgment motion. See

Pharmacy, Inc., 2007 WL 2728898, at *1. Accordingly, defendants' motion to strike is denied with respect to paragraphs 28, 29, part of 39, part of 41, 49-52, 56-57, 59-62, 65, 77-81, 87-92, 95-96, and 98-102 of plaintiff's declaration.

B. Hearsay

"Hearsay evidence is admissible at the summary judgment stage if the contents would otherwise be admissible at trial." Century Pacific, 528 F. Supp. 2d at 215 (citing Santos v. Murdock, 243 F.3d 681, 683 (2d Cir. 2001)). Inadmissible affidavits may also "guide the court to documentary evidence in the record supporting their conclusions." Century Pacific, 528 F. Supp. 2d at 215 (citing cases).

The portions of plaintiff's declaration that defendants assert are inadmissible hearsay appear to either recount conversations to which plaintiff was a party, or events that she witnessed herself, or are based on documents produced during the course of discovery. Moreover, as the majority of the averments asserted to be hearsay are based on documentary evidence written by parties to this action, they may be considered non-hearsay admissions by party opponents. See Fed. R. Evid. 801(d)(2). As with those averments asserted to lack plaintiff's personal knowledge, the district court is free to disregard plaintiff's characterizations of the documentary evidence submitted and examine the documents for themselves. Accordingly, defendants' motion to strike paragraphs 16-17, 20, 27-28, part of 41, 89, 94-96, 98-101, and 103 as inadmissible hearsay is denied.

C. Contradictory Deposition Testimony

The Second Circuit has held that "in opposing summary judgment, a party who has testified to a given fact in [her] deposition cannot create a triable issue merely by submitting

[her] affidavit denying the fact." Palazzo v. Corio, 232 F.3d 38, 43 (2d Cir. 2000) (citing Trans-Orient Marine Corp. v. Star Trading & Marine, Inc., 925 F.2d 566, 572 (2d Cir. 1991)). The rationale for this rule is that "[i]f a party who has been examined at length on deposition could raise an issue of fact simply by submitting an affidavit contradicting [her] own prior testimony, this would greatly diminish the utility of summary judgment as a procedure for screening out sham issues of fact." Palazzo, 232 F.3d at 43 (quoting Perma Research & Dev. Co. v. Singer Co., 410 F.2d 572, 578 (2d Cir. 1969)) (first alteration in original).

However, "a party's deposition testimony as to a given fact does not foreclose a trial or an evidentiary hearing where that testimony is contradicted by evidence other than the deponent's subsequent affidavit, for when such other evidence is available, the concern that the proffered issue of fact is a mere 'sham' is alleviated." Palazzo, 232 F.3d at 43-44 (citing Delaney v. Deere & Co., 219 F.3d 1195, 1996 n.1 (10th Cir. 2000)). "To the extent that there is a conflict in a witness's testimony, such a conflict affects the weight of the testimony, not its admissibility." Palazzo, 232 F.3d at 44 (citing United States v. Rodriguez, 968 F.2d 130, 143 (2d Cir. 1992)). The weight to be given particular evidence is a matter for the trier of fact to consider and "[d]ecisions as to whose testimony to credit and as to which of competing inferences to draw are entirely within the province of the trier of fact." Palazzo, 232 F.3d at 44 (citations omitted).

The disparity between plaintiff's deposition testimony and her declaration centers around the method by which she transmitted a letter, dated April 26, 2006, to Molloy College President Dean Bogner - i.e., whether by postal service or by email - and whether plaintiff retained a copy of the letter. I find such discrepancies to be harmless as the letter has been produced by both parties during the course of discovery and thus, the contents of it are familiar to both sides.

Accordingly, defendants' motion to strike paragraphs 18, 19, 45 and 110 of plaintiff's declaration is denied.

III.     The Non-Party Witness Declarations

Defendants assert that significant portions of the declarations submitted by non-party witnesses Andrea Morgan-Eason ("Morgan-Eason") and Adrianne Bothwell ("Bothwell") must be stricken because they are either not based on personal knowledge or contain inadmissible hearsay. Specifically, defendants seek to strike paragraphs 11, 13, and 14 of Morgan-Eason's declaration and paragraphs 10, 11, 13, and 14 of Bothwell's declaration.

Defendants' motion to strike portions of Morgan-Eason's and Bothwell's declarations is denied. As former nursing students of Molloy College, both Morgan-Eason and Bothwell have substantial personal knowledge with respect to the experiences they had while attending Molloy College. Moreover, both were classmates of the plaintiff in Nursing 555 and therefore have personal knowledge of statements that were made or actions that were taken by Professor Vitale during the course of the semester, as well as the requirements and expectations of the course. In addition, several of the statements contained in the non-party witness declarations are supported by documentary evidence written by party opponents in this action. (Pl. Ex. F, H.)

Finally, plaintiff asserts - and defendants do not dispute - that defendants have been on notice of the testimony to be offered by Morgan-Eason and Bothwell since well before the filing of the summary judgment motion, through initial disclosures, plaintiff's deposition testimony and various discovery documents. However, defendants chose not to pursue deposing Morgan-Eason and Bothwell. Accordingly, I find no basis for striking the declarations of Morgan-Eason and

Bothwell.

IV.     The April 26, 2006 Letter

Defendants also seek to preclude plaintiff from submitting into evidence, as part of their opposition to defendants' summary judgment motion, a signed copy of the April 26, 2006 letter from plaintiff to Dr. Bogner, on the grounds that plaintiff failed to produce the signed letter during discovery.  Defendants also seek to strike the portions of plaintiff's declaration that rely on the letter.  Plaintiff opposes defendants' motion on the grounds that defendants have not suffered any prejudice from the late disclosure of the letter.

Rule 37(c)(1) of the Federal Rules of Civil Procedure provides that "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or harmless." Fed. R. Civ. P. 37(c)(1).  The rule mandates preclusion unless the violation was substantially justified or harmless.  Substantial justification means "justification to a degree that could satisfy a reasonable person that parties could differ as to whether the party was required to comply with the disclosure request." Kara Holding Corp. v. Getty Petroleum Mktg., Inc., No. 99 Civ. 0275, 2004 WL 1811427, at *24 (S.D.N.Y. Aug. 12, 2004) (quoting Henrietta D. v. Guiliani, No. 95 Civ. 0641, 2001 WL 1602114, at *5 (E.D.N.Y. Dec. 11, 2001)).  A failure is harmless when the party entitled to the disclosure is not prejudiced.  See Kara Holding Corp., 2004 WL 1811427, at *24.  "The burden of proving either substantial justification or harmlessness rests with the party which has failed to disclose the information." Id. (citations omitted).

The purpose of Rule 37(c)(1) "is to prevent the practice of 'sandbagging' an opposing party with new evidence." Ebewo v. Martinez, 309 F. Supp. 2d 600, 606 (S.D.N.Y. 2004) (citing Ventra v. United States, 121 F. Supp. 2d 326, 332 (S.D.N.Y. 2000)) (additional citation omitted). While preclusion may be warranted "where the failure to comply with discovery or a court order is due to 'willfulness or bad faith, or is otherwise culpable," Presser v. Key Food Stores Co-Operative, Inc., No. CV 2001-8059, 2006 WL 2038508, at *1 (E.D.N.Y. July 19, 2006) (quoting Daval Steel Prod. v. M/V Fakredine, 951 F.2d 1357, 1367 (2d Cir. 1991), "preclusion is a harsh remedy that 'should be imposed only in rare situations.'" Presser, 2006 WL 2038508, at *1 (quoting Update Art, Inc. v. Modiin Publ'g, Ltd., 843 F.2d 67, 71 (2d Cir. 1988)); see also Ebewo, 309 F. Supp. 2d at 606 ("Courts in this Circuit recognize that preclusion of evidence pursuant to Rule 37(c)(1) is a drastic remedy and should be exercised with discretion and caution."). Moreover, "prejudice is an important factor in determining the propriety of preclusion as a discovery sanction." Presser, 2006 WL 2038508, at *1 (citing Reilly v. Natwest Markets Group, Inc., 181 F.3d 253, 269 (2d Cir. 1999)).

After reviewing the submissions of both parties, I find that plaintiff's failure to disclose the signed copy of the letter during discovery was harmless, since identical unsigned versions of the letter were produced by both plaintiff and defendants during discovery. Defendants produced an unsigned version of the letter from their computer system and were therefore aware of the contents of the letter well before the filing of their summary judgment motion. Moreover, there is nothing to indicate that plaintiff intentionally or willfully failed to disclose the signed version of the letter. Rather, plaintiff asserts that she did not remember retaining a copy of the letter and only found it when recently unpacking boxes that were never opened following plaintiff's move

to Georgia in May 2008. Accordingly, the Court finds no evidence of bad faith on plaintiff's part and further find that defendants have not suffered any prejudice from the late disclosure of the letter.[1] Defendants' motion to preclude is therefore denied.[2]

V.     Plaintiff's Request for Sanctions

In response to defendant's motion to strike, plaintiff requests that sanctions be imposed against defendants' counsel, pursuant to Rules 11 and 37 of the Federal Rules of Civil Procedure, for filing what plaintiff asserts is a frivolous motion. However, such a basis for sanctions does not fall within the purview of Rule 37, which provides for the issuance of sanctions where a party violates a court order or fails to comply with discovery requests and obligations. See Fed. R. Civ. P. 37; see also Suarez v. Gallo Wine Distribs., LLC, No. 02 Civ. 4273, 2003 U.S. Dist. LEXIS 2821, at *10 (S.D.N.Y. Mar. 3, 2003) (stating that "Rule 37 provides for sanctions within the context of discovery").

Moreover, Rule 11 sanctions are not available to plaintiff since she failed to comply with

---

[1] The Court notes that a related issue has already been disposed of by Order dated May 14, 2009, wherein the Court found no evidence of spoliation on plaintiff's part in discarding her personal computer. As the Court stated in that Order, "[w]hat the [defendants] describe as 'critical electronic evidence,' [i.e., the April 26, 2006 letter to Dr. Bogner] has been produced, albeit in hard copy, and there is no adequate showing of any willful wrongdoing or bad faith when plaintiff threw away her inoperable lap top computer in May 2008 - some eleven (11) months after commencement of this action." (Order of Boyle, J., dated May 14, 2009, at 1.)

[2] Defendants' motion also seeks to strike the portions of plaintiff's Rule 56.1 Statement and Counter-Statement of Facts that rely on either the declaration averments sought to be struck or the signed copy of the April 26, 2006 letter. Since the Court finds no basis for striking any of the statements contained in either the plaintiff's declaration or the non-party witness declarations, or for precluding the letter from being offered into evidence, there is similarly no basis for striking portions of plaintiff's Rule 56.1 Statement and Counter-Statement. Accordingly, that part of defendants' motion is also denied.

the requirements of the rule. First, Rule 11(c)(2) mandates that "[a] motion for sanctions must be made separately from any other motion." Fed. R. Civ. P. 11(c)(2). Plaintiff did not make her within request for sanctions by separate motion, but instead included it in her opposition to defendants' motion to strike. Second, Rule 11(c)(2) contains a "safe harbor" provision, which requires that, where sanctions are initiated by motion of a party, the motion is to be served on the allegedly offending party twenty-one (21) days before it is filed with the court. See Fed. R. Civ. P. 11(c)(1)(A); Storey v. Cello Holdings, LLC, 347 F.3d 370, 389 (2d Cir. 2003). Compliance with Rule 11's safe harbor provision is mandatory and the failure to do so will result in a denial of the sanctions motion. See, e.g., ESI, Inc. v. Coastal Corp, 61 F. Supp. 2d 35, 68 (S.D.N.Y. 1999) (denying motion for sanctions where moving party failed to comply with safe harbor provision); Banfield v. UHS Home Attendants, Inc., No. 96 Civ. 4850, 1997 WL 342422, at *3 (S.D.N.Y. June 23, 1997) (stating that procedural requirements are to be strictly construed and that failure to comply with safe harbor provision mandates denial). Plaintiff offers nothing to indicate that she complied with Rule 11's safe harbor provision and in fact, defendants assert that she did not. Accordingly, Rule 11 sanctions are not available to plaintiff at this time.

Based on the foregoing, plaintiffs' request for sanctions is denied.

## CONCLUSION

For the foregoing reasons, defendants' motion to strike is denied in its entirety. Plaintiff's request for sanctions is also denied.

**SO ORDERED:**

Dated: Central Islip, New York
      August 10, 2010

                                           /s/ E. Thomas Boyle
                                           E. THOMAS BOYLE
                                           United States Magistrate Judge